Nos. 123,773
123,774

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

STEVEN J. SHIPLEY,
*Appellant*.

SYLLABUS BY THE COURT

1.

Under the "inclusive rule" for calculating a criminal history score, "prior convictions" includes multiple convictions on the same date in different cases. Because the convictions in each case are scored against the other case for criminal history purposes, a defendant will face a stiffer sentence if sentenced in multiple cases on the same date than if the defendant were sentenced for the same cases on different dates.

2.

Convictions in cases consolidated for trial do not qualify as "prior convictions" for criminal history purposes. K.S.A. 2020 Supp. 21-6810(a).

3.

A constructive consolidation argument is unsupported by the plain language of K.S.A. 2020 Supp. 21-6810(a). That statute requires formal consolidation by court order for multiple complaints to be "joined for trial."

1

Appeal from Wyandotte District Court; J. DEXTER BURDETTE, judge. Opinion filed May 27, 2022. Affirmed.

*Randall L. Hodgkinson*, of Kansas Appellate Defender Office, for appellant.

*Taylor A. Hines*, assistant district attorney, *Mark A. Dupree Sr.*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GARDNER, P.J., HILL and ISHERWOOD, JJ.

GARDNER, J.:  The State charged Steven J. Shipley with crimes in two separate cases:  12 CR 1572 and 12 CR 1589. Shipley later pleaded guilty to one count each of aggravated robbery, aggravated battery, and aggravated burglary in 12 CR 1572, and three counts of aggravated robbery in 12 CR 1589. The plea agreement noted that the State and Shipley both understood his criminal history score would be an A based on his new convictions in the two cases. Neither party asked the district court to consolidate the complaints for trial, nor did the district court ever order the cases consolidated.

The district court adopted the plea agreement, found Shipley's criminal history score to be A, granted his departure request, and sentenced him on the same day in both cases to a reduced controlling sentence of 209 months. Shipley did not appeal. But in 2017, Shipley moved to correct an illegal sentence, arguing the district court had improperly relied on the convictions in each case to find a criminal history score of A in the other case. The district court succinctly denied his motion.

Shipley now appeals, arguing that the district court erred because his cases were "constructively consolidated" for trial so his criminal history should have been a G. But unpersuaded by the constructive consolidation argument, we find the district court did not err in relying on the convictions in each complaint to calculate a criminal history score in the other. Shipley also raises an Equal Protection issue for the first time on appeal. But

because Shipley failed to raise this fact-based issue to the district court, it is unpreserved, and we do not reach its merits.

FACTUAL AND PROCEDURAL BACKGROUND

In November 2012, the State charged Shipley in case number 12 CR 1572 with one count of aggravated robbery, a severity level 3 person felony, two counts of aggravated battery, a severity level 4 person felony, and one count of aggravated burglary, a severity level 5 person felony. In December 2012, the State charged Shipley in case number 12 CR 1589 with four counts of aggravated robbery, a severity level 3 person felony, and one count of aggravated burglary, a severity level 5 person felony. The two cases stemmed from separate acts over eight days—Shipley approached persons working on a car, pulled a gun on them, and demanded that they give him their belongings.

In August 2013, Shipley entered into a plea agreement with the State which resolved both cases. In it, Shipley agreed to plead guilty to one count each of aggravated robbery, aggravated battery, and aggravated burglary in 12 CR 1572, and to three counts of aggravated robbery in 12 CR 1589. The State agreed to dismiss the remaining counts and to recommend a downward durational departure sentence. The plea agreement showed both parties expected Shipley's criminal history score to be A in both cases.

The district court sentenced Shipley in both cases on the same day in September 2013. In case number 12 CR 1572, using the three convictions in 12 CR 1589 as prior convictions, the district court found Shipley's criminal history score was A and that the resulting sentencing grid range for the offense was 221-233-247 months. The district court granted Shipley's downward durational departure motion and imposed a 209-month base sentence for aggravated robbery. It imposed concurrent sentences for the two remaining convictions in 1572, leading to a controlling 209-month sentence.

3

Similarly, in 12 CR 1589, using the three convictions in 12 CR 1572 as prior convictions, the district court found Shipley's criminal history score was A and granted his motion for downward durational departure. The district court sentenced Shipley to 209 months for aggravated robbery and imposed concurrent sentences for the two remaining convictions, creating a controlling 209-month sentence. The district court ran the sentences in 12 CR 1572 and 12 CR 1589 concurrently for a total controlling prison sentence of 209 months and awarded Shipley 308 days of jail credit. Shipley did not appeal.

In October 2015, Shipley filed a pro se motion to correct an illegal sentence in both cases, arguing the district court should have found his criminal history score to be G instead of A. The district court summarily dismissed that motion and Shipley did not appeal.

But again, in January 2017, Shipley filed a pro se motion with the district court to correct an illegal sentence in both cases, arguing his criminal history score should have been G because there was a reasonable basis to conclude that both cases were in fact consolidated for trial and sentencing. Essentially, Shipley argued the cases had been effectively consolidated so his criminal history score for each case should not have included any conviction from the other case.

In February 2017, the district court summarily denied Shipley's motion. The district court relied on K.S.A. 2012 Supp. 21-6810(a) to find that convictions other than those brought in the same information or joined for trial will count as prior convictions for a defendant's criminal history score.

Shipley appeals.

4

DID THE DISTRICT COURT ERR BY RELYING ON THE CRIMINAL CONVICTIONS IN EACH CASE IN DETERMINING DEFENDANT'S CRIMINAL HISTORY SCORE?

Before we address Shipley's argument that his two cases effectively were consolidated, and thus do not qualify as "prior convictions" for criminal history purposes, we must address a procedural matter—whether Shipley's claim is properly before us.

*Does a Preclusion Doctrine Bar Shipley's Motion?*

In 2015, Shipley moved the district court to correct an illegal sentence in both cases, arguing the district court should have found his criminal history score was G instead of A. The district court summarily dismissed that motion on its merits and Shipley did not appeal. Shipley now raises that same issue again.

This procedural posture would generally cause us to find that the matter has been decided and cannot be revisited. But emerging caselaw does not apply traditional preclusion doctrines to K.S.A. 2020 Supp. 22-3504 motions, such as this one. See, e.g., *State v. Hayes*, 312 Kan. 865, 867, 481 P.3d 1205 (2021) ("[T]he plain language of K.S.A. 22-3504, which allows correction of an illegal sentence 'at any time,' operates as a legislative override of traditional principles of waiver, abandonment, and res judicata."). Under Kansas Supreme Court precedent cited in *Hayes*, "serial motions to correct an illegal sentence can be filed and the failure to raise an issue in the first such motion is not a bar to appellate review." 312 Kan. at 867. Shipley raised the issue that his criminal history score should have been G instead of A in his 2015 motion but did not raise the constructive consolidation argument. Given the uncertainty of the law in this area, and in an abundance of caution, we choose to reach the merits of the 2017 motion, as the district court did.

*Is Shipley's Motion Barred Because His Sentence Resulted from a Plea Agreement?*

Under the plea agreement, Shipley pleaded guilty to the various crimes in exchange for the State's promise to dismiss the remaining charges and recommend a departure. K.S.A. 2020 Supp. 21-6820(c) provides that an appellate court shall not review a sentence for a felony committed after July 1, 1993, that results from a plea agreement between the State and the defendant which the district court approved on the record. See *State v. Quested*, 302 Kan. 262, 264, 352 P.3d 553 (2015) (no jurisdiction to review sentences agreed to and approved by the sentencing court).

But a court may correct an illegal sentence at any time while the defendant is serving the sentence. K.S.A. 2020 Supp. 22-3504(a). A sentence is illegal under K.S.A. 2020 Supp. 22-3504 when: (1) it is imposed by a court without jurisdiction; (2) it does not conform to the applicable statutory provisions, either in character or the term of punishment; or (3) it is ambiguous about the time and manner in which it is to be served. *State v. Hambright*, 310 Kan. 408, 411, 447 P.3d 972 (2019). And a change in the law after the district court pronounces sentence and after the conclusion of any direct appeal does not render that sentence illegal. K.S.A. 2020 Supp. 22-3504(c).

Broadly read, Shipley's motion alleges that his sentence does not conform to K.S.A. 2012 Supp. 21-6810, the statute that defines prior convictions and states which convictions the district court may use to calculate a defendant's criminal history score under the Kansas Sentencing Guidelines Act (KSGA). Under that statute,

> "[a] prior conviction is any conviction, other than another count in the current case,
> which was brought in the same information or complaint or which was joined for trial
> with other counts in the current case pursuant to K.S.A. 22-3203 . . . which occurred prior
> to sentencing in the current case." K.S.A. 2012 Supp. 21-6810(a).

6

Shipley does not contend that his convictions were "brought in the same information or complaint." K.S.A. 2012 Supp. 21-6810(a). Rather, he contends that his counts were "joined for trial with other counts in the current case pursuant to K.S.A. 22-3203." That statute permits a district court to join multiple complaints for trial: "The court may order two or more complaints, informations or indictments against a single defendant to be tried together if the crimes could have been joined in a single complaint, information or indictment." K.S.A. 22-3203. And K.S.A. 22-3202(1) provides that the State may charge two or more crimes against a defendant in the same case if the charges are of the same or similar character or based on the same act or transaction. Shipley had no trial because he pleaded, but his cases were set for trial on the same day, he pleaded to both cases by a joint plea agreement on the same day, and he was sentenced in both cases on the same day. He thus contends that his cases were constructively consolidated—joined for trial—yet the district court sentenced him contrary to K.S.A. 2012 Supp. 21-6810(a)'s provision not to include as "prior convictions" convictions in the same case. Because Shipley's motion contends that his sentence does not conform to the applicable statutory provisions, we consider it to have been properly brought under K.S.A. 2020 Supp. 22-3504.

*Did Shipley's Sentence Violate Applicable Statutory Provisions*?

We thus reach the merits of Shipley's motion. The district court must count all prior convictions in determining a defendant's criminal history score unless the convictions constitute an element of the present crime, enhance the severity level, or elevate the classification from a misdemeanor to a felony. K.S.A. 2020 Supp. 21-6810(d)(10); *State v. Kelly*, 298 Kan. 965, 976, 318 P.3d 987 (2014). Similarly, all prior convictions count separately, whether sentenced concurrently or consecutively. K.S.A. 2020 Supp. 21-6810(c). The district court must include all valid convictions in a defendant's criminal history if they occurred before sentencing, regardless of the date of

7

the convictions. K.S.A. 2020 Supp. 21-6810(a); see *State v. Bussart*, 29 Kan. App. 2d 996, 998-99, 35 P.3d 281 (2001).

> "Under Kansas law, any conviction that a defendant has before sentencing is counted in determining that defendant's criminal history score, unless that conviction is another count in the same case. This means that if a defendant pleads guilty to two crimes on the same day in two separate cases, the conviction in each case counts against the other case as a prior conviction. This is because both convictions have occurred before sentencing in each case. As we stated, any conviction that a defendant has before sentencing is counted in determining that defendant's criminal history score." *State v. McKinzy*, No. 121,464, 2021 WL 4496098, at *1 (Kan. App. 2021) (unpublished opinion).

Under the "inclusive rule" for calculating a criminal history score, "prior convictions" includes multiple convictions on the same date in different cases. *State v. Roderick*, 259 Kan. 107, 116, 911 P.2d 159 (1996). In *Roderick*, the Kansas Supreme Court recognized the sentencing disparity that Shipley complains of here:

> "The inclusive rule avoids the problem of having to arbitrarily determine the order in which sentencing should occur for several crimes pled to on the same date. If each crime is counted against the other, the order in which each crime is counted does not matter. The same presumptive sentence will result, regardless of the order in which the crimes are considered. However, as Roderick's counsel points out in his supplemental brief, the inclusive rule nonetheless may create different sentencing results. If one defendant pleads to three crimes in separate cases on different dates and is sentenced separately for each crime, the total presumptive sentencing range will be less than for a defendant who pleads to the same three crimes in separate cases on the same date.

> "Under the inclusive rule, a defendant will face the possibility of a stiffer sentence if pleading to separate crimes in separate cases on the same date, rather than on separate dates. On the other hand, if the inclusive rule is not applied, the reverse occurs: A defendant convicted separately for three crimes will be exposed to a stiffer sentence

8

than one who pleads to the same three crimes at the same time. Neither the State's nor Roderick's interpretation will eliminate the potential for disparate sentencing results." 259 Kan. at 115-16.

Despite the sentencing disparity, *Roderick* upheld the statute, acknowledging that under the inclusive rule a defendant will face a stiffer sentence if sentenced in multiple cases on the same date than if that defendant were sentenced for the same cases on different dates or if the defendant were sentenced in a consolidated case for the same crimes. 259 Kan. at 115-16.

Shipley claims that his two cases effectively were consolidated, so they do not qualify as "prior convictions" for criminal history purposes. See K.S.A. 2020 Supp. 21-6810(a) (excluding from the definition of a "prior conviction" a conviction for another count joined for trial in current case under K.S.A. 22-3203).

Shipley argues that the district court *could* have consolidated the cases under K.S.A. 22-3202, though it did not formally do so, because the charges involved similar offenses and used similar modus operandi and occurred within about a week of each other in the same county. Shipley concedes that the district court did not formally consolidate the cases but argues that "the record shows de facto consolidation for trial." Shipley also concedes that Kansas caselaw disfavors his position but claims his circumstances are different because he "showed more than just that he pleaded guilty to these offenses on the same day and was sentenced on the same day."

We are not persuaded. First, Shipley cites no legal support for his proposition that because the cases were scheduled for trial on the same day in the same court, his later guilty plea to various charges in two complaints amounts to a constructive consolidation. Failure to support a point with pertinent authority or failure to show why a point is sound

9

despite a lack of supporting authority or in the face of contrary authority is like failing to brief the issue. *State v. Meggerson*, 312 Kan. 238, 246, 474 P.3d 761 (2020).

Second, although Shipley insists the cases *could* have been joined under K.S.A. 22-3202 and K.S.A. 22-3203, the fact remains that they were not joined. Although Shipley entered pleas on the same day and the plea agreement deals with both cases, the district court never ordered the cases joined for trial. And because the cases were never "joined for trial," as is required here to prevent his convictions from being "prior convictions" under K.S.A. 2020 Supp. 21-6810(a), the district court was duty bound to use the convictions in each case to calculate the criminal history score in the other. See *Roderick*, 259 Kan. at 115-16 (holding that the district court should count multiple convictions entered on same date in different cases in determining a defendant's criminal history score). Our cases have consistently so held. See *State v. Helko*, No. 112,961, 2016 WL 1296081, at *1 (Kan. App. 2016) (unpublished opinion) (finding convictions in one case qualified as "prior conviction[s]" for criminal history scoring purposes even though defendant was convicted in that case and in another case on the same day and sentenced for both cases at one hearing); *State v. Freimark*, No. 108,839, 2013 WL 5976056, at *2 (Kan. App. 2013) (unpublished opinion) ("when a defendant is convicted of crimes in two separate cases on the same day and sentenced in both cases at one hearing, the convictions in each case are scored against the other case for criminal history purposes"); *State v. Loggins*, No. 90,171, 2004 WL 1086970, at *6 (Kan. App. 2004) (unpublished opinion) ("The fact the court set the cases for sentencing on the same date, likewise, did not prevent them from being prior convictions for purposes of Loggins' criminal history.").

We reject Shipley's constructive consolidation argument as unsupported by the plain language of K.S.A. 2020 Supp. 21-6810(a) ("A prior conviction is any conviction, other than another count in the current case, which was … joined for trial with other counts in the current case pursuant to K.S.A. 22-3203 . . . which occurred prior to

10

sentencing in the current case."). Had the Legislature intended to exclude from "prior convictions" a defendant's convictions in a separate case that *could have been joined* for trial, it would have said so.

Interpreting the statute to require formal consolidation for multiple complaints to be considered "joined for trial" under K.S.A. 2020 Supp. 21-6810, our court has routinely rejected arguments that cases not formally joined for trial had a "consolidation effect" or were "constructively consolidated." See *State v. Jarrell*, 34 Kan. App. 2d 480, 483-84, 122 P.3d 389 (2005) (finding defendant's consolidation argument unpersuasive though record shows district court considered sentencing proceeding a "consolidated" one); *State v. Allen*, No. 113,142, 2016 WL 852887, at *1-3 (Kan. App. 2016) (unpublished opinion) (finding two cases remained legally separate and distinct even though they were disposed of in combined plea and sentencing hearings); *Loggins*, 2004 WL 1086970, at *5-6 (rejecting argument that district court's setting both cases for trial on same day and for sentencing on same day had a "consolidation effect.").

We do the same. A district court rarely consolidates criminal cases sua sponte. Rather, consolidation usually results from a party's motion. And such motions are not pro forma but are the product of the parties' considered judgment and strategy that varies from case to case. Among counsel's many considerations are judicial economy, the effect of consolidation on a defendant's sentence, and the potential prejudice to a defendant by bolstering or another effect of combining multiple counts. And an order of consolidation does not happen unless the parties have deliberated about the matter, the parties have had a chance to be heard on it, and the district court has exercised its discretion to consolidate the cases. Much certainty, deliberation, and due process is to be gained by a formal order of consolidation. All of that would be lost were constructive consolidation enough. We hold that cases are not "joined for trial" under K.S.A. 2020 Supp. 21-6810(a) unless consolidation is ordered by the court.

11

But no such order was made here. Although both complaints were resolved by a joint plea agreement, Shipley pleaded guilty to two separate complaints, and the record does not reflect that either party moved to consolidate them, or that they were ordered joined for trial. Under these circumstances, no consolidation occurred even though Shipley entered a joint plea agreement and was sentenced in both cases on the same day.

As a result, the district court properly counted Shipley's convictions in each case to calculate his criminal history score in his other case. K.S.A. 2020 Supp. 21-6810(a) Shipley's sentence does not violate the sentencing statute and is thus not illegal. K.S.A. 2020 Supp. 22-3504(c)(1). We affirm the district court's denial of Shipley's motion to correct his illegal sentence.

DOES K.S.A. 2012 SUPP. 21-6810 VIOLATE THE EQUAL PROTECTION CLAUSE?

Shipley next argues, for the first time on appeal, that K.S.A. 2012 Supp. 21-6810 violates the Equal Protection Clause. The State counters that this court should not consider the merits of this unpreserved claim. Thus, once again, we must decide whether to reach the merits of Shipley's claim.

Generally, a defendant must raise a specific constitutional challenge to a statute before the district court to preserve the issue for appeal. *State v. Robinson*, 306 Kan. 1012, 1025, 399 P.3d 194 (2017). Shipley concedes that he is raising this constitutional argument for the first time on appeal. But he asserts these two exceptions to that general rule: (1) the newly asserted theory involves only a question of law arising on proved or admitted facts and is finally determinative of the case; (2) consideration of the theory is necessary to serve the ends of justice or to prevent denial of fundamental rights. *State v. Johnson*, 309 Kan. 992, 995, 441 P.3d 1036 (2019). Shipley adds two other reasons: (1) the precedent he relies on for the Equal Protection claim was decided after the district court summarily denied his claim; and (2) the Equal Protection claim is merely another

12

authority supporting an argument he did make to the district court that it erred by including each case in the other's criminal history score.

But even though Shipley argues exceptions, we need not review his new claim.

"The decision to review an unpreserved claim under an exception is a prudential one. *State v. Parry*, 305 Kan. 1189, 1192, 390 P.3d 879 (2017); *State v. Frye*, 294 Kan. 364, 369, 277 P.3d 1091 (2012). Even if an exception would support a decision to review a new claim, we have no obligation to do so. *Parry*, 305 Kan. at 1192.

"We decline to utilize any potentially applicable exception to review Gray's new claim. Gray had the opportunity to present his arguments to the district court and failed to do so. This failure deprived the trial judge of the opportunity to address the issue in the context of this case and such an analysis would have benefitted our review. We therefore decline to address Gray's new arguments on appeal." *State v. Gray*, 311 Kan. 164, 170, 459 P.3d 165 (2020).

Here, as in *Gray*, this panel would have benefitted from a full factual development and the district court's analysis of this important equal protection argument that Shipley failed to raise.

A peek at the merits shows why. Shipley contends the statute treats two indistinguishable classes differently, without good reason:  those whose cases were consolidated for trial; and those whose cases could have been consolidated for trial "as a matter of law" but were not. Although Shipley does not state whether he is arguing a facial or an as-applied challenge to the constitutionality of the statute, his brief shows that he is making an as-applied challenge to K.S.A. 2012 Supp. 21-6810. First, Shipley contends that "the resulting application of the statute violates the Equal Protection Clause." And second, rather than rely solely on the language of the statute, Shipley asserts that his cases could have been consolidated "as a matter of law." But to reach that conclusion, Shipley relies on factual assertions regarding multiple charges in his two

13

cases—that they involved similar offenses, used similar modus operandi, occurred within about a week of each other, and occurred in the same county. Third, a determination under K.S.A. 22-3202(1), which provides that the State may charge two or more crimes against a defendant in the same case if the charges are of the same or similar character or based on the same act or transaction, is fact-based. Thus the fact-based nature of Shipley's claim is readily apparent. See *State v. Smith-Parker*, 301 Kan. 132, 157, 340 P.3d 485 (2014) (finding Kansas cases that have held consolidation or joinder to be appropriate on this basis "have generally had multiple commonalities, not merely the same classification of one of the crimes charged"); *State v. Dixon*, 60 Kan. App. 2d 100, 132, 492 P.3d 455 ("the State is correct that determining whether consolidation of charges for trial is warranted is a factual inquiry"), *rev. denied* 314 Kan. 856 (2021). As its name suggests, an as-applied challenge contests the application of a statute to a particular set of circumstances, so resolving an as-applied challenge necessarily requires findings of fact. *State v. Hinnenkamp*, 57 Kan. App. 2d 1, 4, 446 P.3d 1103 (2019). Such is the case here.

Because Shipley failed to raise this constitutional claim to the district court, we decline to reach it now.

Affirmed.

14