NOT DESIGNATED FOR PUBLICATION

No. 125,419

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RINA N. HUYNH,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID L. DAHL, judge. Submitted without oral argument. Opinion filed February 9, 2024. Affirmed.

*Kai Tate Mann*, of Kansas Appellate Defender Office, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before BRUNS, P.J., PICKERING, J., and TIMOTHY G. LAHEY, S.J.

PICKERING, J.: Rina N. Huynh challenges the district court's order requiring her to register as a violent offender under the Kansas Offender Registration Act (KORA), K.S.A. 2022 Supp. 22-4901 et seq. She raises two issues not presented to the district court. First, she argues that KORA is facially unconstitutional under the First Amendment to the United States Constitution because it violates the compelled speech doctrine. Second, she claims that KORA violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution because it allows only some

1

offenders to exit the registry. Because the issues were not raised below, we decline to consider Huynh's claims and affirm the district court's registration order.

FACTUAL AND PROCEDURAL BACKGROUND

In April 2022, Huynh entered a plea agreement in which she agreed to plead no contest to one count of reckless second-degree murder in violation of K.S.A. 2019 Supp. 21-5403(a)(2), a severity level 2 person felony, for acts committed in February 2020. In the plea agreement, Huynh acknowledged that due to "the nature of this offense and the fact that it was committed with a deadly weapon," Huynh would have to register as a violent offender under KORA.

At the plea hearing, after confirming with Huynh that she was knowingly, willingly, and voluntarily entering her plea based on the plea agreement, the district court accepted her no-contest plea. Huynh also acknowledged that she understood and thereby signed a "Notice of Duty to Register." This notice stated that Huynh was "convicted or adjudicated of an offense requiring registration as provided by the Kansas Offender Registration Act (K.S.A. 22-4901 et seq)." The State set forth the factual basis for the plea: Huynh had been in a dating relationship with Amare Holt. As he walked away from her apartment, she shot him three times in the back, and he later died due to his injuries. Huynh and her defense counsel agreed that the State's proffer was sufficient to sustain a reckless second-degree murder conviction.

The district court imposed a 123-month prison sentence along with postrelease supervision. The district court also ordered Huynh to register as a violent offender for a term of 15 years but did not specify the reason for her registration obligation. The district court's journal entry of judgment states that registration was required because the offense was committed with a deadly weapon.

2

I.      HUYNH ARGUES THAT KORA VIOLATES THE COMPELLED SPEECH DOCTRINE UNDER THE FIRST AMENDMENT

Raised for the first time on appeal, Huynh argues that KORA is facially unconstitutional under the First Amendment. She contends that KORA impermissibly compels her speech in two ways: first, by requiring her to provide comprehensive personal information to the government; and second, by allowing the government to convey a message that she is "dangerous" by making that information publicly available on the Internet.

In response, the State contests whether we have jurisdiction to review Huynh's challenges to her registration order, asserts that this issue is not preserved, and, alternatively, claims that KORA is not unconstitutional because the offender registry website is run by the Kansas Bureau of Investigation—making it unprotected government speech.

*We have jurisdiction to consider Huynh's challenge to her registration order.*

Whether jurisdiction exists is a question of law over which our scope of review is unlimited. *State v. Hillard*, 315 Kan. 732, 775, 511 P.3d 883 (2022).

The right to appeal is entirely statutory and is not contained in the United States or Kansas Constitutions. *State v. Clark*, 313 Kan. 556, 561, 486 P.3d 591 (2021). Huynh correctly asserts that K.S.A. 2022 Supp. 22-3602(a) allows a defendant to appeal "from any judgment against the defendant in the district court and upon appeal any decision of the district court or intermediate order made in the progress of the case." As both parties note, in *State v. Marinelli*, 307 Kan. 768, 787-88, 415 P.3d 405 (2018), the Kansas

Supreme Court held that K.S.A. 22-3602(a) does extend appellate jurisdiction to challenges by defendants to a registration order on direct appeal, despite having entered a guilty or no-contest plea. We find that *Marinelli* controls and decline the State's request to dismiss Huynh's appeal for lack of jurisdiction.

*Huynh did not properly preserve her First Amendment claim for appellate review.*

Huynh acknowledges she did not object to the district court's registration order but still contends we should address the merits of her challenge on appeal.

Generally, issues not raised before the district court cannot be raised on appeal. *State v. Green*, 315 Kan. 178, 182, 505 P.3d 377 (2022). Likewise, asserting constitutional grounds for reversal for the first time on appeal are not properly before us for review. *State v. Pearce*, 314 Kan. 475, 484, 500 P.3d 528 (2021).

Huynh relies on two recognized exceptions to this general rule: First, this argument involves a question of law on proved or admitted facts and is determinative of the case; and second, consideration of the claim is necessary to prevent the denial of a fundamental right. *State v. Allen*, 314 Kan. 280, 283, 497 P.3d 566 (2021). We also note the Kansas Supreme Court has held that the decision to review an unpreserved claim is a prudential one. *State v. Jones*, 313 Kan. 917, 933, 492 P.3d 433 (2021).

Multiple panels of this court have considered identical challenges to KORA, but none have agreed with Huynh's position that the issue was properly before the court for appellate review. Most have outright declined to address the issue on the merits with varying levels of discussion, finding it is not prudential to address a constitutional issue that was not presented to the district court because of the complex analysis required in assessing such a claim. See *State v. Spilman*, 63 Kan. App. 2d 550, 575-76, 534 P.3d 583 (2023), *rev. denied* 317 Kan. 849 (2023); *State v. Parkins*, No. 125,134, 2023 WL

4

3667584, at *6 (Kan. App. 2023) (unpublished opinion), *petition for rev. filed* June 26, 2023; *State v. McDaniel*, No. 124,459, 2023 WL 2940490, at *6 (Kan. App. 2023) (unpublished opinion), *petition for rev. filed* May 14, 2023; *State v. Pearson*, No. 125,033, 2023 WL 2194306, at *1-2 (Kan. App. 2023) (unpublished opinion), *petition for rev. filed* March 20, 2023; *State v. Ford*, No. 124,236, 2023 WL 1878583, at *19 (Kan. App. 2023) (unpublished opinion), *rev. granted* 317 Kan. 847 (2023). We agree with these panels and decline to reach the merits of Huynh's First Amendment claim for the first time on appeal.

II.     HUYNH ARGUES THAT KORA VIOLATES THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT

Huynh next argues that KORA violates equal protection because it extends an exit mechanism to only some types of offenders. Huynh claims that K.S.A. 2022 Supp. 22-4908(a)-(b) violates her equal protection rights because it allows "Kansas drug offenders and out-of-state offenders of any kind" to remove themselves from the KORA registry, but that same mechanism is not made available to "Kansas violent and sex offenders." She asserts there is no rational basis for treating these classes of offender differently and asks us to extend KORA's "exit mechanism" to all classes of offender.

*Huynh did not properly preserve her equal protection claim for appellate review.*

Like the previous issue, Huynh acknowledges that she did not raise an equal protection argument below. She again invokes two of the recognized exceptions to argue that we should consider her unpreserved equal protection claim:  (1) The issue presents a question of law on proven or undisputed facts; and (2) consideration of the claim is necessary to prevent the denial of a fundamental right. *Allen*, 314 Kan. at 283. As noted above, we are under no obligation to consider the issue even if these exceptions applied. *Jones*, 313 Kan. at 933.

5

Huynh first asserts that we can consider her equal protection claim because it presents a question of law on proven or undisputed facts. In particular, she contends resolving the issue will only require examining the relevant KORA statutes to determine if they create different, similarly situated classes of offenders. That is, answering this question would not require making any factual findings. See *State v. Dixon*, 60 Kan. App. 2d 100, 131-32, 492 P.3d 455 (2021) (determining whether disparate classes exist and are similarly situated only requires looking to challenged statute and distinction advanced by defendant). But see *State v. Shipley*, 62 Kan. App. 2d 272, 282-83, 510 P.3d 1194 (2022) (declining to address as-applied equal protection challenge for first time on appeal because it would require making factual findings).

The *Spilman* panel recently considered an equal protection challenge to KORA in which the defendant argued—precisely as Huynh does here—that KORA violates equal protection because it provides a mechanism for only some offenders to end their registration early. The panel declined to consider the claim for the first time on appeal, explaining that conducting the rational basis analysis required additional factual development. 63 Kan. App. 2d at 576-77. We also decline to consider Huynh's equal protection challenge to KORA for the first time on appeal.

Affirmed.