NOT DESIGNATED FOR PUBLICATION

Nos. 127,205
127,206

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LATRELL ANTOINE THOMPSON,
*Appellant*.


MEMORANDUM OPINION


Appeal from Sedgwick District Court; BRUCE C. BROWN, judge. Submitted without oral argument. Opinion filed March 21, 2025. Sentence vacated and case remanded with directions.

*Kai Tate Mann*, of Kansas Appellate Defender Office, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.


Before HILL, P.J., MALONE and CLINE, JJ.


CLINE, J.:  Latrell Antoine Thompson raises a new constitutional challenge to his sentence on appeal, which we decline to review. Thompson agreed to consolidation of his two criminal cases and then pled guilty to some of the charges in exchange for the dismissal of others. The district court's sentence was consistent with the plea agreement, assessing a sentence in the high number of the appropriate grid box in one case and the low number in the appropriate grid box in the other. Thompson now claims this sentence violated his rights under the Equal Protection Clause of the Fourteenth Amendment to the

1

United States Constitution. Thompson states K.S.A. 21-6819(b)(4) as applied to him treated him differently than similarly situated defendants because he was charged separately for his offenses rather than being charged in one single complaint. He claims he should have received a criminal history score of I for one of his cases based on K.S.A. 21-6819(b)(4) instead of the criminal history score of D.

Generally, issues not raised before the district court cannot be raised on appeal. *State v. Green*, 315 Kan. 178, 182, 505 P.3d 377 (2022). While our court has recognized certain exceptions to this rule, we do not find it prudential to apply those exceptions to consider Thompson's challenge. Thompson's arguments are best addressed at the district court level, where the relevant fact-finding necessary to develop those arguments normally occurs. That said, the State raises a different sentencing error that should be corrected, so we remand Thompson's case for sentencing in accordance with K.S.A. 21-6810(a).

FACTUAL AND PROCEDURAL BACKGROUND

When investigating a hit and run accident that occurred on May 1, 2022, witnesses told police that Thompson struck or ran over a person lying in the road, then left after discovering the person was dead. When police arrested Thompson at his home on June 8, 2022, they discovered what appeared to be a marijuana grow operation. Several items were sent to the Sedgwick County Regional Forensic Center for testing, which were later identified as marijuana.

On June 13, 2022, the State charged Thompson in case number 22CR831 with criminally leaving the scene of an accident, a severity level 5, nondrug grid person felony under K.S.A. 2021 Supp. 8-1602(a), (b)(5). Then, on August 4, 2022, the State charged Thompson in case number 22CR1148 with (1) cultivation of marijuana, a severity level 3, drug grid nonperson felony under K.S.A. 2021 Supp. 21-5705(c), (d)(7)(A); (2)

2

possession of paraphernalia to distribute or manufacture a controlled substance, a severity level 5, drug grid nonperson felony under K.S.A. 2021 Supp. 21-5709(b)(1), (e)(2)(A); (3) use of a communication facility for drug sales or purchases, a severity level 8, nondrug grid nonperson felony under K.S.A. 2021 Supp. 21-5707(a)(1); and (4) possession of marijuana, a class B, nonperson misdemeanor under K.S.A. 2021 Supp. 21-5706(b)(3), (c)(3)(A).

A few months later, the State moved to consolidate the two cases for trial. Thompson agreed, so the district court granted the motion and consolidated the cases.

Thompson and the State then reached a plea agreement to resolve both cases. Thompson agreed to enter a plea of guilty in case 22CR831 to an amended charge of leaving the scene of an accident, a level 6 person felony, and in case 22CR1148 to cultivation of marijuana, a level 3, drug grid, nonperson felony. In exchange for Thompson's successful plea, the State agreed to dismiss the remaining counts in case 22CR1148. The State agreed to recommend the top number in the appropriate Kansas Sentencing Guidelines Act grid box for the sentence in case 22CR831 and the low number in the appropriate Guidelines grid box in case 22CR1148. The State clarified in the plea agreement, among other things, that it anticipated Thompson's criminal history score would be A in case 22CR831 and D in case 22CR1148.

At the plea hearing, the district court discussed the plea documents Thompson signed, asking Thompson if he fully understood the documents and confirming that Thompson went over the documents with his attorney. The court also reviewed the rights Thompson was giving up by entering the plea. Thompson confirmed he understood the consequences of his plea and all the rights he gave up when entering it. After the court confirmed the factual basis for the crimes, the court accepted Thompson's plea of guilty to leaving the scene of an accident and to the cultivation of marijuana.

3

At sentencing, the district court found Thompson's criminal history score to be A for the crime in case 22CR831 and D for the crime in case 22CR1148. The court confirmed the criminal history scores for both cases were accurate.

The district court sentenced Thompson to 46 months in prison in case 22CR831 for leaving the scene of the accident. And the district court sentenced him to 60 months in prison in case 22CR1148 for the cultivation of marijuana conviction, to be run consecutive to the leaving the scene of the accident conviction. The district court set the total controlling sentence to 106 months' incarceration.

Thompson appeals his sentence.

### REVIEW OF THOMPSON'S APPELLATE CHALLENGE

Thompson argues his equal protection rights under the Fourteenth Amendment to the United States Constitution and section 2 of the Kansas Constitution Bill of Rights were violated because, according to Thompson, K.S.A. 21-6819(b)(4) treated him differently than similarly situated defendants because he was charged separately for his offenses rather than being charged in one single complaint. The State says we should not consider Thompson's challenge because he failed to preserve it by raising it to the district court.

For the first time on appeal, Thompson argues the district court should have applied his criminal history score to only one of his convictions and then assessed a sentence of not more than twice that base sentence. Because Thompson failed to raise this issue to the district court, he has the burden to show a preservation exception applies. See *State v. Allen*, 314 Kan. 280, 283, 497 P.3d 566 (2021).

4

Generally, issues not raised before the district court cannot be raised for the first time on appeal. *Green*, 315 Kan. at 182. But there are exceptions to this general rule. That is, a new legal theory may not be asserted for the first time on appeal, unless: (1) the newly asserted theory involves only a question of law arising on proved or admitted facts and is finally determinative of the case; (2) consideration of the theory is necessary to serve the ends of justice or to prevent denial of fundamental rights; or (3) the district court was right for the wrong reason. *Allen*, 314 Kan. at 283.

To successfully prove one of these exceptions applies, an appellant is required to explain why an issue not raised below should be considered for the first time on appeal. Supreme Court Rule 6.02(a)(5) (2024 Kan. S. Ct. R. at 36). The Kansas Supreme Court has cautioned litigants that Supreme Court Rule 6.02(a)(5) is strictly enforced. And by failing to follow Supreme Court Rule 6.02(a)(5), a litigant risks a ruling that the issue was improperly briefed and so waived or abandoned. *State v. Holley*, 315 Kan. 512, 524, 509 P.3d 542 (2022). Finally, an appellate court's decision to review an unpreserved claim under an exception is prudential; meaning that even if an exception applies, the appellate court is not obligated to review the claim. *State v. Rhoiney*, 314 Kan. 497, 500, 501 P.3d 368 (2021).

Here, Thompson admits that his constitutional challenge to the district court's sentencing procedure is not preserved. But he asks us to review it anyway under our recognized exceptions to the preservation rule. First, he contends his appeal involves only a question of law on proved or admitted facts and is determinative of the case. He asserts that this exception should apply because his cases were consolidated for trial even though they could have been brought in a single action.

Thompson quotes *State v. Anderson*, No. 124,727, 2023 WL 176658, at *3 (Kan. App. 2023) (unpublished opinion) (Gardner, J., dissenting), for the proposition: "It does not matter for our equal-protection analysis why Anderson's cases were charged in the

manner they were or why the cases ultimately were consolidated. Rather, what matters is that the cases *were* consolidated because the State *could have* charged the crimes in a single complaint or information." Thompson contends this is the only relevant consideration on appeal, which means according to him all the facts necessary to decide this issue are present.

Secondly, he argues consideration of his claim is necessary to prevent the denial of fundamental rights. He contends this exception should apply because his "claim is prudent and necessary to prevent the denial of the fundamental rights to equal protection as guaranteed by the 14th Amendment of the United States Constitution and Section Two of the Kansas Constitution Bill of Rights." Thompson asks us to follow the lead of other panels of this court who have reached the merits of similar claims in similar circumstances and cites *State v. Dixon*, 60 Kan. App. 2d 100, 492 P.3d 455 (2021), *State v. Myers*, 62 Kan. App. 2d 149, 509 P.3d 563 (2022), and *State v. Fitzgerald*, No. 123,121, 2022 WL 815839 (Kan. App. 2022) (unpublished opinion).

In *Dixon*, a jury convicted Dixon of two counts of aggravated kidnapping; three counts of aggravated criminal sodomy; two counts of criminal possession of a weapon by a convicted felon; and one count each of rape, kidnapping, and battery after a consolidated trial of two criminal cases. Dixon's three consolidated cases involve three separate sexual assaults on different women. 60 Kan. App. 2d at 102. At sentencing, the district court reiterated that the cases were tried together but would remain separate for sentencing purposes. 60 Kan. App. 2d at 115. Ultimately, the district court imposed:

> "consecutive sentences on the remaining counts in that case for a controlling felony sentence of 1,157 months' imprisonment with lifetime postrelease supervision. In 18CR895, Dixon's base sentence for his primary crime of conviction was again 653 months' imprisonment. The district court imposed consecutive sentences on the remaining counts in that case for a controlling sentence of 888 months' imprisonment

6

with lifetime postrelease supervision. The district court ordered the sentences in the two cases to run consecutive." 60 Kan. App. 2d at 115.

Dixon appealed this order and raised several issues. 60 Kan. App. 2d at 115.

Among the issues Dixon raised was a challenge of his sentence concerning the "double rule." 60 Kan. App. 2d at 130. Dixon claimed that K.S.A. 2020 Supp. 21-6819(b)(4) as applied to the sentencing in his cases violated his rights under the Equal Protection Clause of the Fourteenth Amendment. He asserted:

> "[T]he double rule treats one class of defendants—those that have multiple counts charged in one charging document—differently from another class of defendants—those that have multiple cases consolidated for trial because the charges could have been brought in one charging document—even though the only difference between the two classes is the number of case numbers attached to the charges." 60 Kan. App. 2d at 130.

Dixon admitted that he raised the issue for the first time on appeal. Dixon, like Thompson, asserted that the first two preservation exceptions applied, and this court agreed to consider his challenge. 60 Kan. App. 2d at 131.

Even so, previous decisions by other panels do not bind future panels. *State v. Fahnert*, 54 Kan. App. 2d 45, 56, 396 P.3d 723 (2017). While panels should afford opinions by prior panels respect, each panel "must uphold [its] duty to correctly determine the law in each case that comes before [it]." *Uhlmann v. Richardson*, 48 Kan. App. 2d 1, 13, 287 P.3d 287 (2012). We find an important distinction between *Dixon* and this case which merits treating this case differently: Dixon was sentenced after a jury convicted him and Thompson was sentenced in accordance with a plea agreement he negotiated. Thompson received favorable treatment as part of the sentence he negotiated, which included the dismissal of three charges. The State also amended his charge in case 22CR831 from a severity level 5 felony—which carried a significantly longer

presumptive prison sentence—down to a severity level 6 felony. And it agreed to recommend the low number in the appropriate grid box for his crime in case 22CR1148. No such negotiation or favorable treatment was present in *Dixon*, so our court was not required to make any factual presumptions like we would have to do here. For example, Thompson is asking us to presume he had no knowledge that his sentence might have turned out differently if he had not agreed to consolidate his cases or that the consolidation of his cases was not part of the plea negotiations. And Thompson negotiated for the right to argue for any lawful disposition in his plea agreement and then filed a motion for a downward dispositional departure. There is no mention in *Dixon* of any departure motion. It is possible Thompson made a strategic choice in negotiating his plea or consolidating his cases so he could focus on pursuing this avenue to achieve a desired sentence. Finally, Thompson is also asking us to ignore the court's confirmation at both the plea and sentencing hearings that Thompson's criminal history was accurately anticipated and assessed for sentencing purposes—another circumstance not present in *Dixon*.

When making its sentencing recommendation, the State said, "There was a lot of negotiations that went into trying to resolve . . . this case and I think we have reached an agreement that is reasonable under the circumstances." These factors that were negotiated cannot be developed on appeal, and they differentiate this case from *Dixon*.

The State points out that generally constitutional issues cannot be asserted for the first time on appeal. It highlights that the decision to review an unpreserved claim under an exception is a prudential one, which means even if an exception applies a Kansas appellate court is not obligated to review the unpreserved claim.

To support its position that Thompson's claim should not be reviewed, the State discusses *State v. Shipley*, 62 Kan. App. 2d 272, 510 P.3d 1194 (2022). The State argues that an as-applied constitutional challenge analysis (like Thompson's) should rest on the

8

application of the statute to a particular set of circumstances, which means an as-applied challenge requires at least some finding of facts. While the State acknowledges that other panels of this court have decided to address claims like Thompson's for the first time on appeal, it highlights the reasoning in Judge Gardner's dissent in *Anderson*, 2023 WL 176658, at *6-9.

In *Anderson*, the defendant was charged in three cases for committing several crimes between September 2019 and February 2020. All the cases were set for a jury trial, but before trial the defendant entered into a global plea agreement with the State. On the day of the plea hearing, the State moved to consolidate the three cases under K.S.A. 22-3203 and K.S.A. 22-3202(1), which permits consolidation if the charges originally could have been joined in one complaint. The district court granted the request, held a joint plea hearing, and accepted the defendant's guilty pleas. 2023 WL 176658, at *1.

The district court then held a sentencing hearing where Anderson challenged the presentence investigation reports' categorization of his criminal history score. Anderson also argued "that because his cases were consolidated, the Sentencing Guidelines contemplate that his criminal-history score of C should be applied only to the primary count in *one* of the three cases, while the sentences in the other two cases should be scored using a criminal-history score of I." 2023 WL 176658, at *1. Meanwhile the State contended "that these cases were consolidated for trial, but the charges were not consolidated into a single complaint that would require the sentencing treatment Anderson requested." 2023 WL 176658, at *1. In the end, the district court denied the defendant's request to treat the offenses as though they were charged in a single complaint. 2023 WL 176658, at *1.

On appeal, Anderson reasserted the argument "that because his three cases were consolidated, the district court should have used his criminal-history score to calculate only one base sentence for all three cases, and the remaining sentences should have been

9

calculated using a criminal-history score of I." 2023 WL 176658, at *1. He contended that the Guidelines alone, not only required this result, but that the court's decisions in *Dixon*, 60 Kan. App. 2d at 131, *Myers*, 62 Kan. App. 2d at 193, and *Fitzgerald*, 2022 WL 815839, also supported his argument that the sentences imposed by the district court violated his equal protection rights under the Kansas and United States Constitutions. *Anderson*, 2023 WL 176658, at *2.

As for the KSGA's interplay with consolidation of multiple convictions, the *Anderson* panel succinctly explained:

> "A district court's sentencing decisions in most modern criminal cases are governed by the Kansas Sentencing Guidelines Act. When a defendant is sentenced for multiple convictions in a single case, the Guidelines require a district court to establish a 'base sentence' for the crime with the highest severity level, known as the primary crime. K.S.A. 2019 Supp. 21-6819(b)(2). The base sentence is calculated by applying a person's criminal-history score to the primary crime. K.S.A. 2019 Supp. 21-6819(b)(3). Sentences for the remaining convictions are calculated using a criminal-history score of I—the lowest classification in the Guidelines. K.S.A. 2019 Supp. 21-6819(b)(5)." 2023 WL 176658, at *2.

The *Anderson* panel ultimately reviewed the defendant's challenge after finding it was preserved. It reasoned:

> "It does not matter for our equal-protection analysis why Anderson's cases were charged in the manner they were or why the cases ultimately were consolidated. Rather, what matters is that the cases *were* consolidated because the State *could have* charged the crimes in a single complaint or information. And these questions are not in dispute." 2023 WL 176658, at *3.

10

Because of this undisputed question, the *Anderson* panel acknowledged that "while other panels have declined to consider the merits of arguments, those decisions have involved unresolved factual questions that are not present here." 2023 WL 176658, at *3.

Judge Gardner dissented in *Anderson* but agreed "with the majority that we have the authority to consider Anderson's new as-applied equal-protection argument for the first time on appeal." 2023 WL 176658, at *6. Yet Judge Gardner disagreed that the panel should do so. 2023 WL 176658, at *6. The dissent's main contention was that "[a]t sentencing, Anderson challenged his criminal history score, but raised no argument about the base sentence rule and no constitutional claims. . . . Generally, issues not raised before the district court cannot be raised on appeal. [Citation omitted.]" 2023 WL 176658, at *6. Here, Thompson did not challenge his criminal history score, much less raise any constitutional challenges below. Further, the defendant in *Anderson* asked the district court to treat his cases as though they were charged in a single charging document. See 2023 WL 176658, at *1. Thompson did not.

The dissent also highlights the challenges presented for an appellant who brings an "as-applied" equal protection challenge to the statute. For example, Judge Gardner notes:

> "As its name suggests, an as-applied challenge contests the application of a statute to a particular set of circumstances, so resolving an as-applied challenge necessarily requires findings of fact. Yet Anderson offers no facts for our review. . . . 'Such challenges are disfavored, because they may rest on speculation, may be contrary to the fundamental principle of judicial restraint, and may threaten to undermine the democratic process.' [Citations omitted.]" 2023 WL 176658, at *7.

In other words, facts are critical for determining whether the statute violated equal protection in a particular instance. 2023 WL 176658, at *7-8. Judge Gardner pointed out that, as here, Anderson's cases may have been consolidated to achieve a plea agreement, and Anderson benefitted from his plea agreement because other charges were dismissed.

We agree that without factual development of these and other issues, we cannot meaningfully review Thompson's claim—just as she believed the same undeveloped facts prevented meaningful review of Anderson's. 2023 WL 176658, at *8.

Judge Gardner's dissent also highlights that even if the State's decision to charge a defendant in a single complaint might be arbitrary—the "[a]rbitrariness is a fact-based determination." 2023 WL 176658, at *8. As a result, the *Anderson* majority's decision to consider the equal protection issue was "unnecessary to serve the ends of justice or to prevent denial of fundamental rights. Anderson's sentencing claim alleges an unconstitutional sentence which he can raise later by ways other than a direct appeal." 2023 WL 176658, at *9. And her dissent highlights that the defendant could challenge this under K.S.A. 60-1507 and K.S.A. 60-1501, which would permit the defendant "to raise his claim in district court, where the necessary facts could be developed." 2023 WL 176658, at *9. All these points ring equally true here. Determining whether Thompson is similarly situated to defendants who were charged in a single document requires this court to make factual findings, which is the job of the district court.

Like the *Anderson* dissent pointed out, the arbitrariness to charge Thompson separately may very well be a fact question. The parties here agreed to consolidation, so no facts were developed to determine whether consolidation was factually appropriate. But on appeal, the State points out that even though it moved to consolidate the cases, the facts of Thompson's case tend to show that from a practical standpoint the two cases could not be charged together. Thompson committed the leaving the scene offense in May. When the police arrested Thompson in June for this offense, they found marijuana which led to the cultivation charges. The marijuana offenses were not charged until August. The State argues that "[i]t should go without saying that it takes time for drugs and drug paraphernalia to be tested." The complaining officer's affidavit in support of the marijuana charges mentions sending the plants to a lab for testing. And it is dated August 3, 2022, the same day he signed the Complaint.

12

The affidavit to support the first charge mentions witnesses telling the interviewing officer that Thompson had sent the vehicle he drove in the accident to the scrap yard to be crushed. The State may have felt pressured to charge Thompson soon after his arrest to avoid further destruction of evidence, or to appease the family of the victim. And, as it points out, it may have been unable to charge for marijuana cultivation at that time because it needed the testing information back from the lab. Again, these are facts which should be developed before the district court to determine Thompson's challenge. Whether there was an arbitrary decision made by the State is unclear. And an appellate court does not make factual findings, "it reviews those made by district courts." *State v. Hutto*, 313 Kan. 741, 746, 490 P.3d 43 (2021).

CONCLUSION

Thompson's claim involves fact-finding and reliance on an undeveloped record. We decline to consider his claim as it is unpreserved. That said, the State points out a different sentencing error which Thompson does not raise or address. The State correctly notes the district court violated K.S.A. 21-6810(a) by counting the conviction in case 22CR831 as part of Thompson's criminal history in case 22CR1148 and vice versa. This means Thompson's criminal history score was improperly calculated as D rather than H in case 22CR1148. Since Thompson's cases were consolidated, he should receive this benefit to his sentence. Therefore we agree with the State that this case should be remanded to the district court so he can be sentenced in case 22CR1148 in accordance with K.S.A. 21-6810(a), using a criminal history score of H. The consolidation and this error do not impact his criminal history score in case 22CR831 since he was properly scored an A in that case because of the special rule found in K.S.A. 21-6811(i).

Sentence vacated and case remanded for sentencing.

* * *

MALONE, J., concurring: I concur with the result reached by the majority, but I would take an entirely different route to get there. Latrell Antoine Thompson claims for the first time on appeal that his sentences violated his equal protection rights under the Fourteenth Amendment to the United States Constitution and section 2 of the Kansas Constitution Bill of Rights because he was charged in two cases for his offenses rather than being charged in one complaint and the cases were later consolidated for trial. I would follow the lead of multiple panels of this court and address this claim for the first time on appeal because (1) the claim involves only a question of law arising on proved or admitted facts and is determinative of the case and (2) consideration of the claim is necessary to serve the ends of justice or to prevent denial of fundamental rights. See *State v. Myers*, 62 Kan. App. 2d 149, 182-83, 509 P.3d 563 (2022); *State v. Dixon*, 60 Kan. App. 2d 100, 131-32, 492 P.3d 455 (2021); *State v. Anderson*, No. 124,727, 2023 WL 176658, at *2-3 (Kan. App. 2023) (unpublished opinion); *State v. Fitzgerald*, No. 123,121, 2022 WL 815839, at *4 (Kan. App. 2022) (unpublished opinion). For the reasons more thoroughly explained in those decisions, there are no questions of fact we must resolve to address the core legal analysis supporting Thompson's equal protection claim.

Turning to the merits, I would find that Thompson is entitled to no relief on his equal protection claim. As the majority opinion summarizes, the State charged Thompson in 22CR831 with leaving the scene of an accident. Two months later, the State charged Thompson in 22CR1148 with multiple drug crimes arising from a marijuana grow operation discovered at his residence when police arrested him for the hit and run incident. Several months later, the State moved to consolidate the cases for trial under K.S.A. 22-3203 on the ground that the charges could have been brought in a single complaint. The district court granted the motion by agreement of the parties. But then about four months later, Thompson and the State reached a plea agreement to resolve both cases. Although the cases had been consolidated for trial, the cases never went to

trial. Thompson voluntarily pled guilty to amended charges and the district court sentenced him in each case under the base sentence rules in K.S.A. 21-6819(b).

Thompson now claims that his sentences violated his equal protection rights under the analysis this court applied in *Dixon* and *Myers*. He is wrong. As the State points out, Thompson's situation is different from the facts in *Dixon* and *Myers* because those cases went to trial and Thompson's cases were resolved by plea. In *Dixon*, this court held:

> "For K.S.A. 2020 Supp. 21-6819(b)(4) to comply with the Equal Protection Clause of the Fourteenth Amendment, when two or more cases are consolidated for trial because all the charges could have been brought in one charging document, *and the defendant is convicted of multiple charges at trial*, the defendant shall receive the benefit of the statutory double rule at sentencing regardless of whether the convictions arise from multiple counts within a single information, complaint, or indictment." (Emphasis added.) 60 Kan. App. 2d 100, Syl. ¶ 12.

In *Myers*, this court held:

> "For K.S.A. 2020 Supp. 21-6819(b) to comply with the Equal Protection Clause of the Fourteenth Amendment, when two or more cases are consolidated for trial because all the charges could have been brought in one charging document, *and the defendant is convicted of multiple charges at trial*, the defendant shall be sentenced using only one primary crime of conviction and one base sentence, as though all the charges had been brought in one complaint." (Emphasis added.) 62 Kan. App. 2d 149, Syl. ¶ 2.

The holding in both *Dixon* and *Myers*, and the equal protection analysis applied by the court in each case, is limited to situations when cases are joined for trial and actually proceed to trial because of the significant strategical advantages the State receives in a consolidated trial. This analysis was central to the court's rationale that the base sentence rules in K.S.A. 21-6819(b) treat arguably indistinguishable classes of individuals differently without a rational basis. See *Dixon*, 60 Kan. App. 2d at 138; *Myers*, 62 Kan.

15

App. 2d at 191. The defendant's argument in each case, which this court found compelling, was that if the defendant was to be tried as though all the charges had been filed in one complaint, the defendant should be sentenced as though all the charges were filed in one complaint. *Dixon*, 60 Kan. App. 2d at 137; *Myers*, 62 Kan. App. 2d at 191. This rationale does not apply when the defendant waives trial and resolves the cases by plea.

I realize that panels of this court have applied the equal protection analysis in *Dixon* and *Myers* to cases that were resolved by plea instead of trial, rejecting the State's argument that the outcome should be different for a plea. See *Fitzgerald*, 2022 WL 815839, at *4; *Anderson*, 2023 WL 176658, at *6. Had I been on the panel in either *Fitzgerald* or *Anderson*, I would have agreed with the State's argument that the holdings in *Dixon* and *Myers* did not control in those cases because they were resolved by plea.

Thompson's cases were joined for trial on the ground that all the charges could have been brought in one complaint, but the cases never proceeded to trial. Instead, Thompson voluntarily waived his right to trial and accepted a favorable plea deal. So why does it matter that the cases were ever joined for trial in the first place when they did not proceed to trial? Thompson argues that his sentence in each case somehow violated his equal protection rights simply because the charges originally could have been brought in one complaint. But this court emphasized in both *Dixon* and *Myers* that our decision in each case does not suggest that the State must always consolidate cases for trial when they are related; the decisions simply hold that when the State chooses to consolidate cases for trial because all the charges could have been brought in one complaint, then the State must be held to the sentencing limitations applicable to a trial based on one charging document. See *Dixon*, 60 Kan. App. 2d at 140; *Myers*, 62 Kan. App. 2d at 193. Because Thompson's cases were resolved by plea and never proceeded to a consolidated trial, the district court properly sentenced Thompson in each case under the base sentence rules in K.S.A. 21-6819(b) without any equal protection violation.

16

Finally, I agree with the majority opinion that we should vacate Thompson's sentence in 22CR1148 and remand for resentencing with a criminal history score of H, but only because the State has requested that we do so and advocated for this position. Whether the district court violated K.S.A. 21-6810(a) by counting Thompson's conviction in 22CR831 as part of his criminal history in 22CR1148 and vice versa because the two cases were at one point joined for trial under K.S.A. 22-3203 that never occurred is an issue that has not been adequately briefed by the parties.