(122 P.3d 389)

No. 92,054

STATE OF KANSAS, *Appellee*, v. STEVEN L. JARRELL, *Appellant*.

Opinion filed April 22, 2005.

*Matthew J. Edge,* assistant appellate defender, for appellant.

*Matthew J. Maloney,* assistant district attorney, *Nola Foulston,* district attorney, and *Phill Kline,* attorney general, for appellee.

Before GREENE, P.J., GREEN and CAPLINGER, JJ.

CAPLINGER, J.: This appeal arises from two separate incidents of driving under the influence. Although Jarrell pled guilty to both offenses on the same date, we affirm the trial court's treatment of Jarrell's convictions as third and fourth convictions for sentencing purposes.

On September 26, 2002, Jarrell was charged in case No. 02CR2610 with driving under the influence of alcohol (DUI) and driving while suspended. The DUI was charged as a nonperson felony, and the complaint alleged the offense occurred on or about May 9, 2002, and was Jarrell's third DUI offense. The complaint specifically recited Jarrell's prior convictions of April 9, 1998, and August 31, 2001.

Nearly 1 year later, on September 4, 2003, Jarrell was charged in case No. 03CR1862 with a subsequent DUI offense, allegedly committed on or about September 19, 2002. This DUI charge also was alleged to be a nonperson felony and recited Jarrell's prior 1998 and 2001 DUI convictions.

Jarrell entered guilty pleas in both cases on December 8, 2003. The plea agreement disposed of both cases in one hearing; however, the cases were not formally consolidated. The trial judge stated at sentencing that he considered the matters to be "a consolidated proceeding."

Prior to sentencing, Jarrell filed a "Motion to Impose Sentence Under Penalty Provision of K.S.A. 8-1567(f) (2002 Supp.)," arguing he should be sentenced as a third-time offender on each of the December 8, 2003, DUI convictions. The trial court sustained this motion as to case No. 02CR2610, but overruled the motion in case No. 03CR1862. Thus, Jarrell's conviction in case No. 02CR2610 was treated as a third conviction for sentencing purposes and his conviction in Case No. 03CR1862 was treated as a fourth conviction. Jarrell was sentenced accordingly.

On appeal, Jarrell contends because the two convictions were simultaneously imposed, he should have been sentenced as though each conviction was a third conviction, rather than one conviction being a third conviction and the other a fourth.

The record reveals otherwise. Jarrell's two convictions were imposed under two separate complaints and case numbers. And although the trial court stated at sentencing that it considered "the cases — the two new pleas and the two different cases to be a consolidated proceeding," at the plea hearing, Jarrell entered his guilty pleas separately according to case number and count.

K.S.A. 8-1567(f), which applies to case No. 02CR2610, states in relevant part:

"On the third conviction of a violation of this section, a person shall be guilty of a nonperson felony and sentenced to not less than 90 days nor more than one year's imprisonment and fined not less than $1,500 nor more than $2,500. The person convicted shall not be eligible for release on probation, suspension or reduction of sentence or parole until the person has served at least 90 days' imprisonment. The court may also require as a condition of parole that such person enter into and complete a treatment program for alcohol and drug abuse . . . ."

K.S.A. 2002 Supp. 8-1567(g), which applies to case No. 03CR1862, states in relevant part:

"On the fourth or subsequent conviction of a violation of this section, a person shall be guilty of a nonperson felony and sentenced to not less than 90 days nor more than one year's imprisonment and fined $2,500. The person convicted shall not be eligible for release on probation, suspension or reduction of sentence or parole until the person has served at least 90 days' imprisonment. . . . After the term of imprisonment imposed by the court, the person shall be placed in the custody of the secretary of corrections for a mandatory one-year period of postrelease supervision, which such period of postrelease supervision shall not be reduced. During such postrelease supervision, the person shall be required to participate in an inpatient or outpatient program for alcohol and drug abuse . . . ."

The trial court, in rejecting Jarrell's argument, noted that K.S.A. 8-1567 does not refer to "prior convictions" for sentence enhancement, but rather uses only numerical counting in determining sentence severity. Further, the trial court recognized the specific intent of the legislature to more severely punish DUI multiple offenders.

Jarrell argues the sentencing court rejected the commonsense notion of what constitutes a prior conviction. He supports this contention by citing the ordinary, dictionary meanings of the words "fourth," "precede," and "subsequent."

In interpreting statutes, "[o]rdinary words are to be given their ordinary meanings . . . [Citation omitted.]" *GT, Kansas, L.L.C. v. Riley County Register of Deeds*, 271 Kan. 311, 316, 22 P.3d 600 (2001).

"Criminal statutes must be strictly construed in favor of the accused. Any reasonable doubt about the meaning is decided in favor of anyone subjected to the

criminal statute. The rule of strict construction, however, is subordinate to the rule that judicial interpretation must be reasonable and sensible to effect legislative design and intent. [Citation omitted.]" *State v. McGill*, 271 Kan. 150, 154, 22 P.3d 597 (2001).

K.S.A. 8-1567 does not use the phrase "prior convictions" and provides specific guidance regarding calculation of DUI offenses. It states in part:

"(l) for the purpose of determining whether a conviction is a first, second, third, fourth or subsequent conviction in sentencing under this section:

. . . .

(3) any convictions occurring during a person's lifetime shall be taken into account when determining the sentence to be imposed for a first, second, third, fourth or subsequent offender;

(4) it is irrelevant whether an offense occurred before or after conviction for a previous offense."

Here, Jarrell first pled guilty to two counts in case 02CR2610. The trial court then stated: "Then in 03 CR 1862, in Count 1 you're charged with felony driving under the influence of alcohol. How do you plead to that charge?" Jarrell signed an acknowledgment of rights and entry of plea which separately listed the two cases and the charges in each. Additionally, the State's sentencing recommendation recited that the State recommended concurrent sentencing in each individual case, but consecutive sentencing between the two cases. The recommendation specifically reserved the right to urge consecutive sentencing between 02CR2610 and 03CR1862.

While the trial court noted it considered the cases consolidated, the charges did not arise from a consolidated complaint. See *State v. Roderick*, 259 Kan. 107, 115, 911 P.2d 159 (1996) (finding that prior convictions include "multiple convictions entered on the same date in different cases for purposes of sentencing for any of those convictions" in the context of sentencing guidelines cases). While DUI is a non-grid offense and the sentencing guidelines do not apply, the standards regarding prior convictions are persuasive when contrasted against the very specific language of the DUI statute and its lifetime conviction provision, numeric classification of convictions, the mandatory nature of the provisions, and the

timing provision regarding conviction calculation. Additionally, in the context of guideline cases, only convictions on counts from a consolidated complaint are excluded from calculation as prior convictions. See K.S.A. 2002 Supp. 21-4710(a).

Here, the cases were not formally consolidated, the charges did not arise from a single complaint, and the integrity of the separate complaints was maintained throughout the proceedings. Jarrell pled guilty to the DUI charge in 02CR2610 before he pled guilty to the charge in 03CR1862. Accordingly, we affirm the trial court's treatment of Jarrell's convictions in case No. 02CR2610 and No. 03CR1862 as third and fourth convictions for sentencing purposes.

Affirmed.