IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 127,273


STATE OF KANSAS,
*Appellee*,

v.

RONALD JOHNSON,
*Appellant*.


SYLLABUS BY THE COURT


Clerical errors in a journal entry of sentencing may be corrected by a nunc pro tunc order.


Appeal from Wyandotte District Court; JENNIFER MYERS, judge. Submitted without oral argument January 30, 2025. Opinion filed March 7, 2025. Sentence vacated in part, and case remanded with directions.


*Wendie C. Miller*, of Kechi, was on the briefs for appellant.


*Kayla L. Roehler*, deputy district attorney, *Mark A. Dupree Sr.*, district attorney, and *Kris W. Kobach*, attorney general, were on the brief for appellee.


The opinion of the court was delivered by


ROSEN, J.: Ronald Johnson appeals from the denial of his motion to correct an illegal sentence for his first-degree murder conviction and the denial of his motion to reconsider.


1

This court affirmed his conviction and sentence in *State v. Johnson*, 284 Kan. 18, 159 P.3d 161 (2007). In the years since, Johnson has filed several actions challenging his conviction and sentence. See, e.g., *State v. Johnson*, 313 Kan. 339, 486 P.3d 544 (2021) (no procedure available for revisiting sentence that was final when *Alleyne v. United States*, 570 U.S. 99, 133 S. Ct. 2151, 186 L. Ed. 2d 314 [2013], was decided), *cert. denied* 142 S. Ct. 1142 (2022); *Johnson v. State*, No. 108,309, 2013 WL 5303530 (Kan. App. 2013) (unpublished opinion) (affirming denial of successive K.S.A. 60-1507 motion); *Johnson v. State*, No. 102,952, 2011 WL 867686 (Kan. App. 2011) (unpublished opinion) (affirming denial of K.S.A. 60-1507 relief predicated on various trial errors and ineffective assistance of counsel).

On January 23, 2023, Johnson filed a pro se motion to correct an illegal sentence. The district court denied the motion without conducting a hearing. Johnson then filed what appears to be a motion for reconsideration, captioned "Reply and Objections to Order Dismissing Motion for Correction of Illegal Sentence." The district court denied this motion. Johnson filed a timely notice of appeal to this court.

An illegal sentence is a sentence that is imposed by a court without jurisdiction; that does not conform to applicable statutory provisions, either in character or the term of punishment; or is ambiguous about the time and manner in which it is to be served. K.S.A. 22-3504(c)(1); see *State v. Mitchell*, 315 Kan. 156, 158, 505 P.3d 739 (2022). Whether a sentence is illegal is a question of law that is subject to de novo appellate review. *Mitchell*, 315 Kan. at 158.

Johnson asserts multiple reasons why his sentence was illegal:

1. The sentencing journal entry of judgment incorrectly states that Judge R. Wayne Lampson sentenced him, when, in reality, Judge J. Dexter Burdette sentenced him.

2

2.　　The sentencing journal entry of judgment has the "plea" box checked instead of the "jury trial" box.

3.　　The record on appeal report does not note the date on which sentence was pronounced or the name of the judge presiding over the sentence.

4.　　Section III of the sentencing journal entry of judgment where the criminal history classification should have been entered was instead left blank.

5.　　Section III of the sentencing journal entry of judgment also fails to note the presumptive sentencing range.

6.　　The "special rule applicable" was left blank and the "postrelease supervision term" is checked "other" with "life" penciled in.

7.　　The sentencing journal entry of judgment lists K.S.A. 21-3401 as the statutory authority for his conviction and sentence, whereas K.S.A. 21-4635 provided the actual authority on which the sentencing judge relied.

8.　　Section IV of the journal entry of judgment does not provide any information or authority for the upward durational departure in the form of a hard 50 sentence imposed on Johnson.

9.　　Section VI of the journal entry of judgment incorrectly states Johnson will serve "life" postrelease supervision, and no additional comments are provided to authorize the hard 50 sentence.

10. The Section VII signatures box has the name of the sentencing judge as R. Wayne Lampson typed in but scratched out, with Judge Burdette signing his name instead.

11. Judge Burdette should have recused himself because "his lover Terra Dawn Morehead had herself assigned to this case," which denied Johnson due process and equal protection under the Fourteenth Amendment of the United States Constitution.

This litany of grounds for determining that his sentence was illegal consists mostly of asserted errors in the journal entry. A sentence is effective when pronounced from the bench. *State v. Weekes*, 308 Kan. 1245, 1249, 427 P.3d 861 (2018). A judge's oral pronouncement of sentence controls over a conflicting written journal entry, which may create a clerical error that is correctable at any time. *State v. Edwards*, 309 Kan. 830, 835-36, 440 P.3d 557 (2019). As a consequence, to the extent that there are clerical errors in the journal entry, those may be corrected nunc pro tunc.

On appeal, Johnson focuses on just a couple of the asserted errors, maintaining that these errors were committed by the judge at the time he pronounced sentence from the bench.

One of these contentions of error relating to sentencing has merit. Judge Burdette stated at sentencing (which is reiterated in the journal entry) that Johnson's "post release supervision duration will also be for life and that will be a 50 year sentence without any good time, without any consideration for parole." Johnson notes that the off-grid crime of first-degree premeditated murder is not associated with postrelease supervision but is instead subject to life parole. See *State v. Becker*, 311 Kan. 176, 191, 459 P.3d 173 (2020) ("A sentencing court has no authority to order a term of postrelease supervision in conjunction with an off-grid, indeterminate life sentence."). The State concedes that the district court lacked the authority to impose lifetime postrelease supervision.

4

It appears Johnson may be requesting a complete resentencing hearing that would include his hard 50 sentence. Johnson does not point to any controlling authority for an entirely new sentence when a mistake is made in assessing postrelease supervision. Such a comprehensive hearing is unnecessary: there is no point in recalling witnesses who testified at sentencing and rearguing aggravating circumstances simply to change postrelease supervision to parole.

In *Becker*, this court held that the improper imposition of lifetime postrelease supervision may be vacated on appeal, allowing the district court to correct the judgment without engaging in further proceedings. 311 Kan. at 191. See also *State v. Mason*, 294 Kan. 675, 677, 279 P.3d 707 (2012). We see no reason to proceed differently in this case.

Johnson's argument that the purported romantic interest between a prosecutor and the sentencing judge deprived him of his constitutional rights is not appropriate for a motion to correct an illegal sentence. Because the definition of an illegal sentence does not encompass violations of constitutional provisions, a defendant may not challenge a sentence on constitutional grounds under K.S.A. 22-3504. *State v. Lee*, 304 Kan. 416, 418, 372 P.3d 415 (2016).

Johnson's postrelease supervision issue requires correction of that portion of his sentence. The State does not contest the presence of clerical errors in the original journal entry. The journal entry should be corrected by issuing a new journal entry nunc pro tunc that corrects the following clerical errors: the identity of the sentencing judge, the plea box check, the date on which the sentence was pronounced and the name of the judge presiding over the sentence, the criminal history classification, the presumptive sentencing range, the special rule applicable, the proper statutory authority for the sentence, the authority for the hard 50 sentence, and any other errors of a clerical nature the district court may find in the original journal entry. The due process conflict of

5

interest issue is not properly before this court, and we do not rule on it. Because we are remanding for correction of the sentencing error and the journal entry errors, Johnson's motion to reconsider the district court's ruling is moot.

The imposition of lifetime postrelease supervision is vacated. The case is remanded with directions to issue a new journal entry of sentencing consistent with this opinion, including imposition of lifetime parole.

Sentence vacated in part, and case remanded with directions.