NOT DESIGNATED FOR PUBLICATION

No. 127,856

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MITCHELL EBIHARA JR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Kearny District Court; REBECCA J. FAUROT, judge. Submitted without oral argument. Opinion filed January 30, 2026. Affirmed in part, dismissed in part, and remanded with directions.

*Mitchell Ebihara*, appellant pro se.

*Steven J. Obermeier*, assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before CLINE, P.J., BRUNS and COBLE, JJ.

PER CURIAM: Mitchell Ebihara Jr. pleaded guilty to aggravated battery and criminal discharge of a firearm at an occupied dwelling in case No. 09-CR-08 (Case 1) and battery against a law enforcement correctional officer and aggravated escape from custody in case No. 09-CR-41 (Case 2). Ebihara was sentenced to a total of 348 months in accordance with the agreed sentencing recommendations from the plea agreement. He later filed a motion to correct an illegal sentence in Kearny County District Court, alleging that he was sentenced illegally because the sentence in Case 2 erroneously

1

scored his escape from custody charge on the sentencing grid; and the district court did not specifically pronounce on the record that the sentences would run consecutive as to each count within each case, and one case consecutive to the other. The district court denied all except one issue in his motion, granting a resentencing hearing on just the aggravated escape from custody conviction in Case 2. Ebihara now appeals the district court's denial of his motion to correct an illegal sentence.

FACTUAL AND PROCEDURAL BACKGROUND

Due to the nature of the appeal, the underlying facts of the criminal convictions are not pertinent on review.

In February 2009, Ebihara was arrested on six charges in Case 1, including attempted murder in the first degree, aggravated battery, criminal discharge of a firearm at an occupied dwelling, criminal discharge of a firearm at an unoccupied dwelling, criminal possession of a firearm, and criminal damage to property. During the preliminary hearing, the district court found no probable cause on the charge of criminal possession of a firearm and dismissed only that charge.

While awaiting trial in Case 1, the State charged Ebihara with additional crimes in a new case, Case 2, for aggravated robbery, battery against a correctional officer, aggravated escape from custody, criminal threat, and theft.

In July 2010, Ebihara entered into a global plea agreement with the State to resolve both cases following mediation. In Case 1, Ebihara agreed to plead guilty to Count 2, aggravated battery, and Count 3, criminal discharge of a firearm at an occupied dwelling. In exchange, the State agreed to dismiss the remaining charges in Case 1. In Case 2, Ebihara agreed to plead guilty to Count 2, battery against a law enforcement correctional officer, and Count 3, aggravated escape from custody. The State in return

2

dismissed the remaining counts in Case 2. The plea agreement also stipulated that in each case the criminal history score would be A, that all sentences imposed—both within each individual case and each case to the other—would run consecutive, and that Ebihara waived his right to appeal any aspect of the two cases. Ebihara also agreed to not seek a dispositional departure prior to sentencing in the two cases and that another case pending in Finney County District Court would be dismissed.

As for sentencing, in Case1, the parties agreed to a recommended sentence of 38 months in prison for Count 2 and 157 months in prison for Count 3, assuming a durational departure were granted, to run consecutive to each other. In Case 2, they agreed to recommend 122 months for Count 2 and 31 months for Count 3, also to run consecutive to each other and to Case 1. The aggregate sentence recommended by the parties, then, considering both cases together, was 348 months in prison.

The district court conducted change of plea hearings for both cases on the same day. In Case 1, both parties agreed to the State's reciting of the plea agreement during the hearing, including the sentences in each case running consecutive. The district court engaged in a colloquy regarding the plea with Ebihara and he acknowledged understanding the charges, sentence recommendations, and that the court may order the sentences to run concurrent or consecutive. Ebihara also answered that he understood the trial and appeal rights he was forfeiting and that he had sufficient time to consult with his counsel regarding his rights. He also acknowledged that the district court was not bound by the plea agreement or the sentencing recommendations agreed upon by the parties. Accordingly, the district court accepted the plea agreement, found him guilty of the agreed charges, and dismissed the remaining charges.

That same afternoon, the district court held a change of plea hearing in Case 2. Ebihara waived his right to a preliminary hearing in accordance with the plea agreement. The State recited the plea agreement in Case 2 and Ebihara confirmed that it was

3

accurate. The district court accepted the waiver of the preliminary hearing and proceeded to the plea hearing. Ebihara again acknowledged he was waiving his trial and appeal rights and that he had reviewed the plea agreement with his counsel. The district court accepted Ebihara's guilty plea to the two counts in Case 2 and found him guilty.

After the plea hearings, Ebihara moved for a durational departure on Count 3 of Case 1, as outlined in the plea agreement. In October 2010, the district court held sentencing hearings, again hearing both cases on the same date, but this time calling the cases together. The district court granted Ebihara's durational departure for Count 3 in Case 1 and, between the two cases, sentenced Ebihara to a total of 348 months in prison in accordance with the parties' recommendations in the plea agreement.

In December 2013, Ebihara filed a pro se motion to correct an illegal sentence, claiming that he was sentenced under an incorrect severity level for Count 3 in Case 2. The district court issued a nunc pro tunc order correcting the calculation of the total prison term from 154 months to 153 months in Case 2 but did not address Ebihara's challenge to the severity level.

In April 2017, Ebihara filed a second pro se motion to correct an illegal sentence, again raising the claim that he was sentenced under an incorrect severity level for Count 3 in Case 2. In January 2023, Ebihara filed an amended motion, alleging that he was sentenced illegally because while the district court was silent during the pronouncement of the sentence, the journal entry reflected the sentences were to run consecutive between Case 1 and Case 2, and between each count within each case. Ebihara again raised the severity level challenge he argued in his original motion. A month later, Ebihara filed a second pro se amended motion to correct an illegal sentence raising five issues that encompass the challenges asserted in his previous versions.

4

In January 2024, the district court held a hearing on Ebihara's motion to correct an illegal sentence and took the parties' arguments under advisement. A few months later, the district court issued a journal entry denying all except one claim from his motions. While the district court held that Ebihara's sentences in both cases were unambiguous and not illegal, the court found that the sentence on Count 3 in Case 2 was illegal due to an incorrect severity level, and he must be resentenced on that count. Soon after, Ebihara filed a motion for a downward departure sentence of 6 months in prison for Count 3 in Case 2 and to run the sentence concurrent with the other count in Case 2 and with Case 1.

Ebihara timely appealed that portion of the district court's order denying his motions, except for the pending resentencing ordered in Case 2.

In May 2024, the district court held a resentencing hearing in Case 2. After hearing testimony from witnesses supporting Ebihara's motion for downward departure, the district court imposed a new sentence of a mitigated period of 17 months in prison as to Count 3 in Case 2. The district court also held that there were no errors to Count 2 in Case 2 and that the sentences would run consecutive as originally ordered.

Ebihara timely appeals the denial of the balance of his motion to correct an illegal sentence on both cases, as well as the district court's resentencing order on the one count.

Additional facts will be addressed throughout this opinion as they become pertinent to the issues on appeal.

ANALYSIS

1. *We cannot reach the merits of Ebihara's first claim.*

Ebihara first argues that the district court erred during resentencing by finding that the record was not silent as to whether the sentences on the two counts originally imposed in Case 1 were to run consecutive or concurrent with one another. He argues that because the record is silent, his sentence for Count 2 in Case 1 should run concurrent to the sentence of his primary offense.

### 1.1. *Standards of review and applicable legal principles*

Whether a sentence is illegal is a question of law over which appellate courts exercise unlimited review. See *State v. Daniels*, 319 Kan. 340, 342, 554 P.3d 629 (2024). An illegal sentence is a sentence: (1) imposed by a court without jurisdiction; (2) that does not conform to the applicable statutory provisions, either in character or the term of punishment; or (3) that is ambiguous about the time and manner in which it is to be served. K.S.A. 22-3504(c)(1); see *State v. Mitchell*, 315 Kan. 156, 158, 505 P.3d 739 (2022).

"A sentence is effective when pronounced from the bench." *State v. Johnson*, 320 Kan. 246, 248, 564 P.3d 782 (2025). A judge's oral pronouncement of sentence controls over a conflicting written journal entry, which creates a clerical error that may be corrected at any time. *State v. Edwards*, 309 Kan. 830, 835-36, 440 P.3d 557 (2019). A court may correct an illegal sentence at any time while the defendant is serving the sentence. K.S.A. 22-3504(a). An illegal sentence may be corrected for the first time on appeal or sua sponte. *State v. Gomez*, 320 Kan. 3, 22, 561 P.3d 908 (2025); *State v. Zongker*, 319 Kan. 411, 437, 555 P.3d 698 (2024).

### 1.2. *Ebihara's claim does not fall within the definition of an illegal sentence.*

Rather than reaching the merits of this issue, we must point out that, for the reasons below, we find that the statute Ebihara claims the district court violated does not render his sentence illegal. Ebihara does not argue that the resentencing was illegal because the district court lacked jurisdiction or the time and manner of the sentence to be served was ambiguous. K.S.A. 22-3504(c)(1). As a result, we need only determine whether the district court's resentencing order failed to conform with the applicable statute. But this provision does not extend the definition of an illegal sentence to violation of *any* statute—it only applies to statutes related to the charged crime and punishment.

Ebihara argues his sentence is illegal because the district court failed to conform to the applicable statutory provision which requires the court to state whether his sentence was to run consecutive or concurrent, K.S.A. 21-4720(b) (Torrence 2007), since repealed and codified under K.S.A. 21-6819. Yet K.S.A. 22-3504(c)(1) has been construed to only apply in very limited circumstances. *State v. Kingsley*, 306 Kan. 530, Syl. ¶1, 394 P.3d 1184 (2017). Our Supreme Court has held that the "'applicable statutory provisions'" used under K.S.A. 22-3504(c)(1) to define an illegal sentence only refers to provisions "defining the crime, assigning the category of punishment, or involving the criminal history classification, including whether a prior conviction was properly classified under the Kansas Sentencing Guidelines Act." *State v. Cook*, 319 Kan. 777, 779, 560 P.3d 1188 (2024). Simply put, K.S.A. 22-3504(c)(1) cannot be used as a vehicle to base a motion for correction of an illegal sentence on just any statute—as our Supreme Court has said, it "does not open the doors to correct a sentence when a defendant argues *any* statute was violated." 319 Kan. at 779 (challenge based on statutory limitation on double jeopardy under K.S.A. 21-3107 not applicable); see also *State v. Peirano*, 289 Kan. 805, 807, 217 P.3d 23 (2009) (challenged based on sentencing procedure under K.S.A. 21-4635 not applicable); *State v. Mebane*, 278 Kan. 131, 132, 91 P.3d 1175 (2004) (challenge based on statutory requirement of allocution under K.S.A. 22-3424 not applicable).

The statute Ebihara asserts as the basis for his motion to correct an illegal sentence, K.S.A. 21-4720(b), is not one which fits under the "applicable statutory provisions" as used in K.S.A. 21-3504(c)(1). K.S.A. 21-4720(b) does not define the crime, assign the category of punishment, or involve criminal history classification. Instead, this statute provided the district court discretion to "impose concurrent or consecutive sentences in multiple conviction cases" and requires the sentencing judge to "state on the record if the sentence is to be served concurrently or consecutively." K.S.A. 21-4720. Ebihara does not present any argument on how this statute relates to the charged crime or punishment, and did not respond to the State's argument. Because Ebihara fails to explain why a violation of K.S.A. 21-4720(b) renders his sentence illegal under K.S.A. 21-3504(c)(1), he waives any argument on this issue. *State v. Davis*, 313 Kan. 244, 248, 485 P.3d 174 (2021). As a result, we must dismiss this claim.

2. *The district court did not err by not establishing whether the sentence in Case 1— sentenced first—would be served concurrently or consecutively as to Case 2.*

Next, Ebihara argues that the district court erred when it found that the sentencing record was not silent as to whether Case 1 would run consecutive to Case 2. Recycling arguments made in the preceding issue, Ebihara claims that Case 1 should run concurrent with Case 2 because the sentencing court did not pronounce, at the hearing and on the record, whether Case 1 would run concurrent or consecutive to Case 2.

The same standard of review applies as above.

During the resentencing hearing, the district court ordered Case 2 to run consecutive to Case 1, as it was in his original sentence. Like Ebihara claims, the record is silent as to whether Case 1 would run consecutive or concurrent to Case 2. But Ebihara's argument belies logic.

At the original sentencing hearing, the district court first addressed Case 1, pronouncing the sentence on Case 1 first in time. The court then proceeded to pronounce the sentence for Case 2. Although the sentences were imposed on the same day, temporally, Case 1 was sentenced first and Case 2 second. The State correctly argues on appeal that the district court could not have directed whether Case 1 were to run consecutive to Case 2 because when Case 1's sentence was pronounced, the sentence on Case 2 was yet to be imposed.

The district court has the discretion to impose sentences to run either concurrent or consecutive for different crimes imposed on the same date in a multiple conviction case. K.S.A. 2010 Supp. 21-4608; K.S.A 21-4720. But a trial court has no authority to order a sentence to run consecutive or concurrent to a sentence that is not yet imposed in a another pending case. *State v. Taylor*, 299 Kan. 5, 6, 319 P.3d 1256 (2014) (citing *State v. Reed*, 237 Kan. 685, 690, 703 P.2d 756 [1985]). Here, as both parties agree, the district court did not spell out the words "consecutive" during the pronouncement of the original sentence. Regardless, the district court could not have ordered Case 1 to run consecutive to the as-yet nonexistent sentence in Case 2.

Ebihara's argument that the district court erred by failing to pronounce whether Case 1 was to run consecutive to Case 2 is unpersuasive, and we find no sentencing error as a result.

We do note that, as the State indicates, the journal entry from the original sentence seems to include a clerical error, as it actually shows that Case 1 is to run consecutive to Case 2. For the reasons stated, the journal entry of the original sentence is incorrect and must be corrected through a nunc pro tunc order as Ebihara requests. *State v. Turner*, 317 Kan. 111, 113, 525 P.3d 326 (2023) ("A journal entry of judgment may be corrected at any time by a nunc pro tunc order, which is appropriate for correcting arithmetic or clerical errors arising from oversight or omission."). For this reason only, we remand

9

with directions to the district court to correct the journal entry. But for the reasons discussed above, this does not render Ebihara's sentence illegal.

3.     *The district court did not err by establishing primary offenses in both cases.*

Next, Ebihara contends that because Case 1 and Case 2 were consolidated, the district court should have established one primary offense over both cases. He also challenges the sufficiency of the resentencing court's finding of facts and conclusions of law. Our standard of review remains the same as the above issues.

Ebihara claims that Case 1 and Case 2 were consolidated because the hearings for the cases occurred on the same date at the same time and the transcripts for the hearings are identical. Yet this is not what constitutes consolidation of cases under Kansas Law.

Kansas law requires specific criteria to be met for cases to be consolidated. Under K.S.A. 22-3203, a district court may order two or more complaints, informations, or indictments against a single defendant to be tried together if the crimes could have been joined in a single complaint, information or indictment. The decision to consolidate is within the district court's discretion. K.S.A. 22-3203. Yet courts rarely sua sponte consolidate cases and consolidation typically involves a motion by one of the parties. *State v. Shipley*, 62 Kan. App. 2d 272, 280, 510 P.3d 1194 (2022). Thus, a consolidation of cases requires a specific action by the district court, typically a formal order, and cannot be inferred merely by the fact that the cases were addressed together.

Our court has continuously rejected arguments that cases were consolidated, or had the effect of consolidation, when they were not formally joined for trial. 62 Kan. App. 2d at 280; see also *State v. Jarrell*, 34 Kan. App. 2d 480, 483-84, 122 P.3d 389 (2005) (finding defendant's consolidation argument unpersuasive though record shows district court considered sentencing proceeding a "consolidated" one); *State v. Allen*, No.

10

113,142, 2016 WL 852887, at *1-3 (Kan. App. 2016) (unpublished opinion) (finding two cases remained legally separate and distinct even though they were disposed of in combined plea and sentencing hearings); *State v. Loggins*, No. 90,171, 2004 WL 1086970, at *5 (Kan. App. 2004) (unpublished opinion) (rejecting argument that district court's setting both cases for trial on same day and for sentencing on same day had a "consolidation effect").

In line with the above principle, the State correctly points out that the procedural postures for the two cases were different when the change of plea hearing was held: Case 1 was scheduled for a pretrial conference, whereas Case 2 was a new case awaiting a preliminary hearing. Additionally, the plea hearings for the two cases were not held at the same time but were called separately, even though they were held on the same day. A review of the record supports the State's argument that although the cases were scheduled together, they were never consolidated.

Finally, in its journal entry clarifying its ruling from the resentencing hearing in January 2024, the district court found that the law does not require the two cases to be combined and that the sentencing of two separate cases in the same hearing occurs all the time. Ebihara claims that the district court's ruling was based on a mistake of law because certain circumstances call for more than one case to be consolidated for sentencing. Ebihara cites our court's unpublished opinion in *State v. Reyes*, No. 124,424, 2023 WL 3143652 (Kan. App. 2023) (unpublished opinion) for support.

In *Reyes*, the defendant claimed the district court violated her equal protection rights when it sentenced her in two separate cases handled in a single hearing. 2023 WL 3143652, at *1. On review, our court discussed circumstances in which the district court consolidated multiple cases for trial and courts have found that the defendants should be sentenced as if they had been convicted in a single complaint. 2023 WL 3143652, at *4 (citing *State v. Myers*, 62 Kan. App. 2d 149, 192, 509 P.3d 563 [2022]; *State v. Dixon*, 60

11

Kan. App. 2d 100, 140-41, 492 P.3d 455 [2021]; *State v. Anderson*, No. 124,727, 2023 WL 176658, at *6 [Kan. App. 2023] [unpublished opinion] [when defendant pleaded guilty to felonies charged in three cases that had been consolidated for trial, district court erred in establishing primary crime of conviction in each case for sentencing purposes and should have established one primary crime applicable to all three cases]; *State v. Fitzgerald*, No. 123,121, 2022 WL 815839, at *5-6 [Kan. App. 2022] [unpublished opinion] [defendant entered guilty pleas to multiple felonies and misdemeanors in four cases consolidated for trial before sentencing; district court erred in failing to apply sentencing cap in K.S.A. 2019 Supp. 21-6819(b) to felonies charged in two cases]).

But Reyes' cases were never consolidated for trial, and so our court did not apply those principles to resolve Reyes' appeal. 2023 WL 3143652, at *4. As a result, *Reyes* lends no support to Ebihara's claim.

Similarly, here, neither the record nor the caselaw he cites supports that Ebihara's cases were, nor should have been compelled to be, formally consolidated. Without more, Ebihara fails to support his argument that his cases were consolidated. See *State v. Meggerson*, 312 Kan. 238, 246, 474 P.3d 761 (2020) (Failure to support a point with pertinent authority or failure to show why a point is sound despite a lack of supporting authority or in the face of contrary authority is like failing to brief the issue.); *State v. Gallegos*, 313 Kan. 262, 277, 485 P.3d 622 (2021) (Issues not adequately briefed are deemed waived or abandoned.). The district court did not err by not treating the two cases as consolidated.

4. *We lack jurisdiction to consider Ebihara's claim regarding the departure motion.*

In his final argument, Ebihara claims that the district court abused its discretion when it found the mitigating factors presented in his departure motion were not substantial and compelling and denied his motion.

### 4.1. *Applicable Legal Standards*

A district court's decision to deny a departure sentence is reviewed for abuse of discretion. *State v. Fowler*, 315 Kan. 335, Syl. ¶ 1, 508 P.3d 347 (2022). A district court abuses its discretion if its decision is (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact. *State v. Bilbrey*, 317 Kan. 57, 63, 523 P.3d 1078 (2023). Ebihara, as the party asserting that the district court abused its discretion, bears the burden of showing such an abuse. *State v. Crosby*, 312 Kan. 630, 635, 479 P.3d 167 (2021).

A district judge must impose the presumptive sentence in the applicable sentencing guidelines grid "unless the judge finds substantial and compelling reasons to impose a departure sentence. If the sentencing judge departs from the presumptive sentence, the judge shall state on the record at the time of sentencing the substantial and compelling reasons for the departure." K.S.A. 21-6815(a). For purposes of granting a departure, the term "'substantial'" means "'real, not imagined, and of substance, not ephemeral.'" *State v. Morley*, 312 Kan. 702, 713, 479 P.3d 928 (2021). "A compelling reason is one that *forces* a court—by the case's facts—to abandon the status quo and venture beyond the presumptive sentence." 312 Kan. at 714. K.S.A. 21-6815(c)(1) contains a nonexclusive list of mitigating factors a sentencing court may consider in determining whether substantial and compelling reasons for a departure exist, but the court is not limited to these factors. When reviewing nonstatutory factors considered by the district court in granting or denying departure, appellate courts apply an abuse of discretion standard. *Morley*, 312 Kan. at 711. In any event, the existence of mitigating factors, however *many*, does not necessarily compel a sentencing court to depart from a presumptive sentence. *Fowler*, 315 Kan. 335, Syl. ¶ 2, 339-40 (collecting cases).

4.2. *This court lacks jurisdiction to review presumptive sentences.*

As a threshold issue, though, we note that Ebihara received the presumptive sentence—the mitigated number of 17 months—on Count 3 in Case 2. Ebihara does not contend that the mitigated sentence of 17 months in prison was not within the presumptive sentence.

Under the revised Kansas Sentencing Guidelines Act (KSGA), appellate courts lack jurisdiction to consider challenges to the district court's denial of a motion to depart from a presumptive sentence. *State v. Farmer*, 312 Kan. 761, 764, 480 P.3d 155 (2021). K.S.A. 21-6820(c)(1) prohibits appellate review of "[a]ny sentence that is within the presumptive sentence for the crime," including the denial of a motion for dispositional departure. *Farmer*, 312 Kan. at 764. The KSGA defines "presumptive sentence" as a sentence within the range set forth in the sentencing grid, factoring in both the severity level for the crime of conviction and the defendant's criminal history score. K.S.A. 21-6803(q). Merely moving for a departure sentence does not make the sentencing order appealable when the sentence imposed falls within the presumptive limits. *State v. Looney*, 299 Kan. 903, 907, 327 P.3d 425 (2014). Additionally, appellate courts are barred from reviewing a sentence for a felony committed after July 1, 1993, which is the result of a plea agreement between the State and the defendant which the district court approved on the record. K.S.A. 21-6820(c).

Ebihara fails to address these threshold issues on appeal and did not respond to the State's brief. Again, an issue not briefed is deemed waived or abandoned. *Davis*, 313 Kan. at 248. As a result, Ebihara does not overcome the statutory bar that prohibits this court's review of the district court's denial of his motion for durational departure from his presumptive sentence. As a result, we must dismiss this issue.

Affirmed in part, dismissed in part, and remanded with directions to the district court regarding a nunc pro tunc order to correct the journal entry in Case 1.